JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MILLER and DIANE MILLER<br><br>　　　Plaintiffs,<br><br>v.<br><br>SAGE CREDIT COMPANY, INC., a California Corporation; DCG HOME LOANS, INC., an unknown business entity; DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No: SACV09-0332 AG(MLGx)<br><br><u>Assigned to:</u><br>Hon. Andrew J. Guilford<br><br>JUDGMENT |

Plaintiffs William and Diane Miller's Application for Entry of Default Judgment as to Defendants Sage Credit Company, Inc., a California Corporation ("Sage"), and DCG Home Loans, Inc., an unknown business entity ("DCG", collectively "Defendants"), came regularly before this Court on Monday, November 30, 2009 at 10:00 a.m., or as soon thereafter as could be heard. Upon review of the papers filed, and the arguments of counsel, the Court finds as follows:

The Clerk has previously entered the default of said Defendants on July 28, 2009 [Document 31 of the Court's Docket].

Defendants Sage and DCG are not minors nor incompetent persons, nor in military service or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940.

Said Defendants have not appeared in this action.

Plaintiffs are entitled to judgment against said defendants on account of the claims pled in the complaint.

IT IS HEREBY ORDERED that Judgment is entered against Defendants Sage and DCG, and in favor of Plaintiffs, as follows:

Plaintiffs are hereby awarded damages in the amount of $161,677.96 as "out of pocket" damages on their Cause of Action for Fraud. The Court finds that Plaintiffs did not provide adequate notice to Defendants within the First Amended Complaint for their claim of "benefit of the bargain" damages, nor for damages substantially greater than $165,000.

Plaintiffs are additionally hereby awarded $480,000.00 in punitive damages on their Cause of Action for Fraud.

Plaintiffs are hereby awarded attorneys' fees in the amount of $48,909.64.

JUDGMENT

Plaintiffs are to receive no prejudgment interest as they did not adequately state the amount to which they are entitled.

The Court finds that Plaintiffs are not entitled to rescission under the Truth in Lending Act 15 USC § 1601, *et seq.* as they failed to establish that they could satisfy the tender requirement as stated in *Yamamoto v. Bank of New York* (9th Cir., 2003) 329 F.3d 1167.

Judgment to be entered immediately.

IT IS SO ORDERED.

Dated: November 30, 2009

UNITED STATES DISTRICT COURT